**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Gawker Media, LLC,[1] | Case No. 16-11700 (SMB) |
| Debtor. | |
| Gawker Media, LLC, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 16-01085 (SMB) |
| Meanith Huon, Ashley Terrill, Teresa Thomas, Shiva Ayyadurai, Terry Gene Bollea, Charles C. Johnson, and Got News LLC, | |
| Defendants. | |

**ORDER TO SHOW CAUSE**

Upon the Complaint filed in the above-captioned adversary action on June 10, 2016; the

accompanying Motion for (i) a Preliminary Injunction and/or (ii) Extension of the Automatic Stay;

the memorandum of law in support thereof; the supporting Declaration of William D. Holden; and

the Declaration of Michael S. Winograd, it is hereby:

**ORDERED** that Defendants Meanith Huon, Ashley Terrill, Teresa Thomas, Shiva

Ayyadurai, Terry Gene Bollea, Charles C. Johnson, and Got News LLC (the "Adversary Action

Defendants") show cause before the **Honorable Stuart M. Bernstein at 11:00 a.m. on the 15th**

**day of June 2016** in Courtroom 723 of the United States Bankruptcy Court for the Southern

District of New York, 1 Bowling Green, New York, NY 10004, why, pursuant to sections 105 and

362(a) of title 11 of the United States Code, Rule 65 of the Federal Rules of Civil Procedure, made

---

[1] The last four digits of the taxpayer identification number of the Debtor, Gawker Media, LLC, are 0492.  The
Debtor's corporate headquarters is located at 114 Fifth Avenue, 2d Floor, New York, New York 10011.

applicable hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure, and Rule 7001(7)

of the Federal Rules of Bankruptcy Procedure, (1) a preliminary injunction should not be issued

enjoining, pending the termination of the automatic stay applicable to the Debtor, (A) the following

existing lawsuits against the Debtor: (i) *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-

011 (Fla. 6th Jud. Cir. Pinellas Cty.); (ii) *Huon v. Denton, et al.*, No. 11-cv-03054 (N.D. Ill.) and

on appeal No. 15-3049 (7th Cir.); (iii) *Ashley Terrill v. Gawker Media, LLC, et al.,* No. 16-CV-

00411 (S.D.N.Y.); (iv) *Teresa Thomas v. Gawker Media, LLC, et al.*, No. 16-CV-09519 (Or.

Multnomah Cty. Cir. Ct.); (v) *Ayyadurai v. Gawker Media, LLC, et al.*, No. 16-CV-10853 (D.

Mass.); and (vi) *Charles C. Johnson, et al. v. Gawker Media, LLC, et al.*, No. 15CECG03734 (Cal.

Super. Ct. Fresno Cty.) (collectively, the "Actions"), as against certain non-debtor parties who are

also parties to the Actions, including (i) Nick Denton, the Debtor's founder and the current

President and Chief Executive Officer of Gawker Media Group, Inc. ("GMGI") and President of

Gawker Media, LLC ("Gawker Media", and together with GMGI, the "Company"), and (ii) certain

current or former employees of the Company, including John Cook, A.J. Daulerio, Gabrielle

Darbyshire, Greg Howard, JK Trotter, and Sam Biddle (the "Individual Defendants"), and (B) any

Adversary Action Defendant from taking further action in the Actions and from taking further

action in any other existing litigation or filing further claims against Mr. Denton or any Individual

Defendant where the conduct alleged was in the course of, and within the scope of, Mr. Denton's

or the Individual Defendant's employment with the Debtor, absent approval of this Court; and/or

(2) the automatic stay imposed by section 362(a) of the Bankruptcy Code should not be extended

to stay the Actions as against Mr. Denton and the Individual Defendants; and it is further

2

**ORDERED** that the hearing on June 15, 2016 shall be an **evidentiary hearing**; and it is

further **[SHL 6/10/16]**

**ORDERED** that a copy of this Order and the papers on which it is based, including the

Motion, supporting documents, and other pleadings related thereto be served by **overnight mail,**

**postage prepaid, electronic mail, or facsimile on or before June 10, 2016**, **[SHL 6/10/16]** upon

all known parties who are directly affected by this Order, or their counsel, including counsel for

the Adversary Action Defendants, Harder, Mirell & Abrams LLP, 132 South Rodeo Drive, Suite

301, Beverly Hills, California 90212 (Attn: Charles J. Harder, Esq.), counsel to Adversary Action

Defendants Terry Gene Bollea, Ashley Terrill, and Shiva Ayyadurai; the Huon Law Firm, P.O.

Box 441, Chicago, Illinois 60690 (Attn: Meanith Huon, Esq.), counsel to Adversary Action

Defendant Meanith Huon; John M. Berman, Esq., 7175 SW Beveland Street, Suite 220, Tigard,

Oregon 97223 (Attn: John M. Berman, Esq.), counsel to Adversary Action Defendant Teresa

Terrill; Adversary Action Defendant Charles C. Johnson, 2770 Mesa Avenue, Clovis, California

93611 (Pro Se); and Adversary Action Defendant Got News, LLC, P.O. Box 3102, Clovis,

California 93611 (Pro Se), shall be deemed good and sufficient notice thereof; and it is further

**ORDERED** that objections, if any, to the Debtor's request for a preliminary injunction

and/or extension of the automatic stay shall be set forth in a writing describing the basis therefor

which shall be filed with the Court electronically in accordance with General Order M-399 (N.B.

General Order M-399 and the User's Manual for the Electronic Case Filing System can be found

at the Bankruptcy Court's website at www.nysb.uscourts.gov) by registered users of the Court's

electronic case filing system and, by all other parties in interest, on a CD-ROM or flash drive in

Portable Document Format (PDF) or Word format (with a hard copy delivered directly to

Chambers) and served in accordance with General Order M-399 or otherwise so as to be actually

3

received no later than **4:00 p.m. (prevailing Eastern Time) on June 14, 2016** by (i) Ropes & Gray LLP, Attorneys for the Debtor, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Gregg Galardi, Esq.); and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.).

~~**ORDERED** that the Debtor's reply papers, if any, shall be set forth in a writing describing the basis therefor which shall be filed with the Court electronically in accordance with General Order M-242 (N.B. General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at the Bankruptcy Court's website at www.nysb.uscourts.gov) by registered users of the Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 or otherwise so as to be actually received no later than 12:00 p.m. (prevailing Eastern Time) on _____, 2016 by (i) Harder, Mirell & Abrams LLP, 132 South Rodeo Drive, Suite 301, Beverly Hills, California 90212 (Attn: Charles J. Harder, Esq.), counsel to Adversary Action Defendants Terry Gene Bollea, Ashley Terrill, and Shiva Ayyadurai; (ii) the Huon Law Firm, P.O. Box 441, Chicago, Illinois 60690 (Attn: Meanith Huon, Esq.), counsel to Adversary Action Defendant Meanith Huon; John M. Berman, Esq., 7175 SW Beveland Street, Suite 220, Tigard, Oregon 97223 (Attn: John M. Berman, Esq.), counsel to Adversary Action Defendant Teresa Terrill; (iii) Adversary Action Defendant Charles C. Johnson, 2770 Mesa Avenue, Clovis, California 93611 (Pro Se); and (iv) Adversary Action Defendant Got News, LLC, P.O. Box 3102, Clovis, California 93611 (Pro Se).~~ **[SHL 6/10/16]**

Dated: New York, New York

5

June 10, 2016

_/s/ *Sean H. Lane*_____
UNITED STATES BANKRUPTCY JUDGE