**BINDER & SCHWARTZ**

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

June 28, 2016

**VIA ELECTRONIC CASE FILING**

Honorable Stuart M. Bernstein
US Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10004-1408

Re:  Gawker Media, LLC v. Huon, et al., Adv. Proc. No. 16-ap-1085

Dear Judge Bernstein:

We represent defendant Terry Bollea in the above-captioned adversary proceeding. We write regarding Gawker Media LLC's ("Debtor") refusal to provide Mr. Bollea with meaningful discovery in advance of the July 13, 2016 evidentiary hearing on Debtor's Motion for (I) a Preliminary Injunction and/or (II) an Extension of the Automatic Stay (Dkt. No. 4, the "Motion"). Consistent with the Local Rules and Your Honor's Chambers' Rules, we have conferred with Debtor's counsel in a good faith effort to resolve this dispute, and are also in negotiations that would resolve the Motion. However, because of the limited time before the evidentiary hearing, we now respectfully request a conference to address these issues so that we may proceed with discovery next week if an agreement is not reached resolving the Motion.

A stay of judicial proceedings against non-debtors is "extraordinary relief." *In re SDNY Mad Park, LLC*, No. 14-11055 (ALG), 2014 WL 4473873, at *3 (Bankr. S.D.N.Y. Sept. 11, 2014) (declining to extend automatic stay to non-debtors). Thus, after a temporary restraining order is issued, the parties will generally engage in expedited discovery prior to any evidentiary hearing on a motion for a preliminary injunction. *See, e.g.*, *In re The 1031 Tax Group, LLC*, 397 B.R. 670, 674 (Bankr. S.D.N.Y. 2008) (noting that parties engaged in expedited discovery between order temporarily restraining action against non-debtor and evidentiary hearing on preliminary injunction); *accord* Fed. R. Civ. P. 26(d)(1) (1993 Advisory Committee Notes) (noting that

16-01085-smb   Doc 24   Filed 06/28/16   Entered 06/28/16 10:15:01   Main Document
Pg 2 of 6



Honorable Stuart M. Bernstein
June 28, 2016
Page 2

discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction"); *see also* Fed. R. Bank. P. 7026.

As discussed below, the discovery that Mr. Bollea is seeking from Debtor is specifically and narrowly targeted to discover information that bears directly on the arguments in the Motion.

**Background**

In support of its Motion, Debtor primarily argues that the Court should preliminary enjoin and/or extend the automatic stay to all pending litigation against Debtor's founder, Nick Denton, and other current and former Debtor employees because (1) Nick Denton is essential to Debtor's reorganization process, including the sale of substantially all its assets and (2) Debtor has certain indemnification obligations to Nick Denton and its other employees such that continuing the litigations will be a further drain on Debtor's estate.

On June 17, 2016, Mr. Bollea served limited discovery narrowly designed to address Debtor's arguments. Specifically, Mr. Bollea served (1) a Request for Production of Documents (attached as Exhibit A); (2) Interrogatories (attached as Exhibit B); and (3) Deposition Notices for three witnesses who are likely to testify at the Evidentiary Hearing (attached as Exhibit C).

On multiple occasions during the week of June 20, 2016, the parties had telephone conferences where we discussed, among other things, Mr. Bollea's discovery requests. Debtor's counsel claimed that the discovery requests were overly burdensome, too broad, and not relevant to the issues raised by the Motion. Ultimately, Debtor's counsel agreed to provide only a handful of those documents specifically identified by name in Mr. Bollea's requests for production including the indemnity agreements mentioned in, but not attached as exhibits to, the papers in support of Debtor's Motion as well as documents Debtor has since publicly filed. . Debtor altogether refuses to respond to interrogatories or to make witnesses available for depositions.



Honorable Stuart M. Bernstein
June 28, 2016
Page 3

Debtor has no good faith grounds to avoid discovery on its Motion because the discovery is designed to directly address the very issues that Debtor raised in its Motion.

**The Interrogatories**

Mr. Bollea submitted four interrogatories to Debtor, each of which are directly relevant to the Motion.

*First*, Mr. Bollea asked Debtor to "identify all persons you intend to call at the evidentiary hearing." *See* Ex. B, Interrogatory No. 1. Debtor's counsel stated that he would provide a witness list when it is ready but did not offer any dates as to when the list would be ready or whether it would include the identifying information requested in the interrogatory.

*Second*, Mr. Bollea asked Debtor to state simply when it and its parent company, Gawker Media Group, Inc. ("GMGI"), approved the resolutions set forth in their respective Voluntary Petitions for Non-Individuals Filing for Bankruptcy. *See* Ex. B, Interrogatories Nos. 2-3. In addition to being a narrow request requiring Debtor to provide nothing more than two dates that should be readily accessible to both Debtor and its counsel, the information is relevant to Debtor's Motion because many of the resolutions deal with the retention of several individuals and companies to assist with the management of the bankruptcy and proposed asset sale, which may go to the heart of Debtor's argument that Mr. Denton is indispensable to Debtor's reorganization efforts. It would also assist the parties and the Court in evaluating whether these proceedings are simply a tool to shield Mr. Denton from the judgment that Mr. Bollea has against him.

*Third*, Mr. Bollea asked Debtor to state the reasons why Mr. Denton is "indispensable to the formulation, negotiation, and implementation of the Debtor's reorganization plan." Ex. B, Interrogatory No. 4. Because, as discussed above, Debtor's Motion is premised primarily on its



Honorable Stuart M. Bernstein
June 28, 2016
Page 4

contention that Mr. Denton cannot be distracted from assisting with Debtor's reorganization, it is certainly relevant to know why Mr. Denton is so indispensable.

**The Requests for Production**

As with the Interrogatories, Mr. Bollea's Requests for Production were designed narrowly to seek documents that Debtor specifically references either in the Motion or its Voluntary Petition for Non-Individuals Filing for Bankruptcy (the "Petition") all of which are directly relevant to the Motion.

*First*, Mr. Bollea requested several documents referenced in the Petition, including (1) Mr. Denton's calendar, (2) documents exchanged between Houlihan and the six potential "stalking horse bidders," and (3) the consulting agreement between the Stalking Horse Bidder and Mr. Denton. *Id.*, Requests Nos. 7, 9-10. Each of these requests seeks documents that bear on Debtor's claim that Mr. Denton is a key figure in the bankruptcy who cannot be distracted, in any way, from the reorganization process. For example, the agreements with Mr. Holden and Houlihan will both delineate their roles in the bankruptcy and sales process and explain why Debtor is paying them substantial fees. Mr. Denton's calendar will allow the parties and the Court to assess how much time Mr. Denton has devoted and is planning to devote to the bankruptcy and compare that to his time spent on other matters. Similarly, the documents exchanged between Houlihan and the potential stalking horse bidders could reveal the relative roles between Mr. Denton and Houlihan in securing those bids and negotiating any term sheets.

*Second*, Mr. Bollea asked for any indemnification agreements between A.J. Daulerio – a joint tortfeasor in Mr. Bollea's litigation against Debtor and a former employee of Debtor – and Debtor, GMGI, and/or Kinja, Kft. *Id.*, Request No. 8. As discussed above, Debtor has claimed



Honorable Stuart M. Bernstein
June 28, 2016
Page 5

its supposed indemnification obligations to its employees make a stay necessary. Accordingly, any agreements evidencing that indemnification obligation are certainly relevant.

*Finally*, Mr. Bollea asked for any documents that Debtor intends to introduce during the evidentiary hearing. Similar to the Interrogatory asking Debtor to identify its witnesses, this request is simply to ensure that the evidentiary hearing does not take the form of a trial by surprise. Along those lines, the Court requires the parties to disclose their exhibits prior to trial.[1]

**The Depositions of Messrs. Holden and Denton and Ms. Dietrick**

Debtor has also refused to permit Mr. Bollea to take depositions of Messrs. Holden and Denton as well as Debtor's President and General Counsel, Heather Dietrick regarding the issues raised by the Motion. Debtor's counsel claims that these individuals must focus their attention on the bankruptcy and cannot devote any time to prepare and sit for a deposition. Instead, Debtor's counsel insists that Mr. Bollea should subpoena each to appear and give testimony at the evidentiary hearing, which, for all intents and purposes, requires the same preparation and time commitment as appearing for a deposition.

Each of these witnesses will be able to provide testimony regarding their roles in the bankruptcy proceeding, which will allow the parties and the Court to better assess whether Mr. Denton is indeed so "indispensable to the formulation, negotiation and implementation of the plan," Motion ¶56, that he cannot be distracted by other litigation. Likewise, it will test debtor's assertion that Mr. Denton, not Debtor's Chief Restructuring Officer or its General Counsel, "is the primary point of contact for both the debtors' legal counsel and financial professionals

---

[1] *See* Form of Joint Pretrial Order (available at http://www.nysb.uscourts.gov/sites/default/files/SMB_Joint_Pretrial_Order_Template.docx).



working with the Debtor during these Chapter 11 cases." *Id.* ¶ 57. Accordingly, their testimony is relevant and Debtor cannot in good faith object to it.

In sum, the discovery that Mr. Bollea is seeking from Debtor is narrowly targeted and specifically designed to elicit information that will assist the parties and the Court in resolving Debtor's Motion. Accordingly, we respectfully request a conference to address these issues.

Respectfully,


Eric B. Fisher

cc: Daniel Tabak
    Gregg Galardi
    David Hennes
    Michael Winograd

Enclosures