

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

June 28, 2016

David B. Hennes
T +1 212 596 9395
F +1 646 728 2758
david.hennes@ropesgray.com

Michael S. Winograd
T +1 212 596 9386
F +1 646 728 1721
michael.winograd@ropesgray.com

**BY E-MAIL AND HAND**

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green, Rm. 723
New York, New York  10004

      Re:    *Gawker Media LLC v. Meanith Huon et al.,*
              Adv. Proc. No. 16-01085 (SMB)

Dear Judge Bernstein:

      We represent Debtor Gawker Media LLC ("Gawker Media") in the above-referenced adversary proceeding ("Adversary Proceeding") and write pursuant to Your Honor's Chamber's Rules both in response to the letter submitted to the Court today by counsel for Mr. Bollea and to request a conference in connection with a second matter of some urgency.  First, we respectfully request that the Court deny Mr. Bollea's request to compel Gawker Media to comply with Mr. Bollea's burdensome and expedited discovery requests — document requests, interrogatories and deposition notices — that counsel for Mr. Bollea served on Gawker Media in the Adversary Proceeding late on the afternoon of Friday, June 17, 2016, just two days after the Court emphasized to counsel the importance of allowing Gawker Media to focus on its impending sale of assets (and while taking advantage of the courtesy that Gawker Media provided to Mr. Bollea's counsel who requested an adjournment of the previously scheduled preliminary injunction hearing so they could finalize their engagements and analyze the relevant law and facts more fully).  Second, we respectfully ask that the Court set a briefing schedule for the July 13 hearing.  We have met and conferred with Mr. Bollea's counsel on both issues and have not been able to reach a resolution.

      *Mr. Bollea's Discovery Requests*.  On June 10, 2016 (the "Petition Date"), Gawker Media filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  That same day, Gawker Media filed a Motion for a Preliminary Injunction and/or Extension of the Automatic Stay (the "Motion") in connection with a number of pending actions (the "Actions"), as well as a Motion for a Temporary Restraining Order specifically in connection with the Action captioned *Bollea v.*

ROPES & GRAY LLP

Hon. Stuart M. Bernstein
June 28, 2016
Page 2

*Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir. Pinellas Cty.) (the "Bollea Action").

      A central purpose of the Motion is to seek to avoid the heavy burden and distraction of litigation during a time in which Gawker Media and its key personnel are required to focus on the Company's reorganization and impending asset sale. The Court promptly issued a temporary restraining order that afternoon and set the hearing on the Motion for June 15.

      Later that same afternoon, on June 10, we received a voicemail from Eric Fisher of Binder & Schwartz LLP stating that his firm and another firm, Cohen & Gresser, were in the process of being engaged by Mr. Bollea in the Adversary Proceeding. Mr. Fisher requested that we consent to an adjournment of the June 15 hearing to June 24 so that counsel could finalize their engagements and get themselves up to speed. As a courtesy, we agreed to consent provided Mr. Bollea agreed to continue to abide by the temporary restraining order through the new hearing date, which counsel indicated Mr. Bollea would.

      However, the very next business day, June 13, counsel for Mr. Bollea in the Bollea Action emailed the court in Florida to say that they "anticipate filing a motion or motions relating to the proceedings held [before the Bankruptcy Court] on Friday, June 10, 2016, and seeking some additional relief . . . ." On June 14, we asked Mr. Fisher for clarification as to what motion(s) Mr. Bollea intended to file. Mr. Fisher responded that he was not at liberty to say, but that it was counsel's view that the motion(s) would not violate this Court's temporary restraining order.

      On June 15, this Court held a status conference in the Adversary Proceeding. At the conference, Gawker Media respectfully requested that the Court confirm or extend the scope of the temporary restraining order so as to make clear that it encompassed motion(s) like the ones Mr. Fisher indicated counsel in the Bollea Action intended to file. Again, among other things, we emphasized the need to allow Gawker Media and its key personnel to focus on the reorganization and asset sale.

      After hearing from counsel, the Court stated to Mr. Fisher that Mr. Bollea should stand down the litigation in Florida for the time being and that it was in everyone's interest to allow the asset sale to go through. Tr. 77:23-25; 79:14-16. When Mr. Fisher nevertheless indicated that counsel still intended to file its motion(s) in the Bollea Action, the Court stated that in that case it would hold the hearing on the Motion the next day, June 16. Tr. 80:4-7, 13-14. Mr. Fisher promptly requested a recess to confer, and the parties ultimately consented to a full stay of the Bollea Action through the hearing, which the Court set for July 13.

      Upon receiving the Motion on June 10, the Court was prepared to conduct the preliminary injunction hearing on June 15, five days later, as was Gawker Media. At the Status Conference, the

ROPES & GRAY LLP

Hon. Stuart M. Bernstein
June 28, 2016
Page 3


Court was prepared to conduct the hearing the very next day, as was Gawker Media.  Prompted by Mr. Bollea's counsel's request, however, the Court agreed to adjourn the hearing until July 13.  Yet, in return for that courtesy (and the courtesies provided by Gawker Media), Mr. Bollea's counsel now seeks to exploit that adjournment by seeking to impose the very burdens and distractions the Motion is aimed at avoiding.

   Late on the afternoon of Friday, June 17, we received an email from Mr. Bollea's counsel purporting to serve Gawker Media with interrogatories, document requests and notices of deposition in connection with the July 13 hearing.  The document requests seek "all documents relied on or referred to" in the Motion; various operating and other Agreements referenced in the Chapter 11 Petition; "all documents evidencing agreements" between Gawker Media and Mr. Holden and/or Opportune, LLP and between Gawker Media and Houlihan Lokey Capital, Inc.; "all other documents on which Debtor intends to rely" during the hearing; copies of all calendars maintained by Mr. Denton from March through September 2016; certain indemnification agreements; all "communications, proposals offers, term sheets and similar materials exchanged between Houlihan and the 'six potential stalking horse bidders';" and the consulting agreement between the Stalking Horse Bidder and Mr. Denton.  Dkt. 24-1.

   The interrogatories seek the names, topics of testimony and various other information relating to any witnesses Gawker Media intends to call at the hearing; the dates and times of board approvals of various resolutions relating to the Debtors' chapter 11 petitions;  and "the reasons why Nick Denton is 'indispensable to the formulation, negotiation, and implementation of the Debtor's reorganization plan.'"  Dkt. 24-2.

    The deposition notices seek testimony from Nick Denton, Gawker Media's founder, Heather Dietrick, Gawker Media's General Counsel and President, and William Holden, the Chief Restructuring Officer for Gawker Media's parent, Debtor Gawker Media Group, Inc.  All three of these individuals are heavily involved in and critical to Gawker Media's (and the other Debtors') reorganization efforts, including the asset sale.  Dkt. 24-3.

   On June 21 and 22, we conferred with counsel for Mr. Bollea and advised that we had no objection to producing indemnity agreements and other non-privileged documents referenced by name in Mr. Bollea's document requests which are readily accessible to Gawker Media's outside counsel and relevant to the July 13 hearing.  The next day, we produced those documents to counsel for Mr. Bollea.  Those documents substantially satisfied Request Nos. 1, 2, 3, 4, 5 and 8.  The other Requests were premature (*e.g.*, Request No. 6, requesting all documents on which Debtor intends to rely at the Hearing), overly broad and unduly burdensome (*e.g.* Requests No. 6 and 7, requesting Mr. Denton's calendars for a seven month period), and/or protected from discovery or otherwise irrelevant to the Motion (Nos. 9 and 10, requesting stalking horse bidder documents in connection with the Company's ongoing efforts to sell its assets).  Forcing Gawker Media to gather, review and

ROPES & GRAY LLP

Hon. Stuart M. Bernstein
June 28, 2016
Page 4

prepare all of these additional documents in the midst of the asset sale process — indeed, a process that is about to rely even more heavily on Gawker Media's key personnel as the Company prepares to begin to shop its assets — makes compliance with the Requests even more of a burden and distraction here.

As counsel for Mr. Bollea acknowledges in his letter, we also agreed to exchange witness lists for the hearing as soon as those lists were finalized. At the time, we noted that the request was premature. We currently expect to be in a position to exchange witness lists approximately one week before the hearing. The remaining interrogatories call for documents which are of marginal if any relevance and can just as easily be obtained, if necessary, through testimony at the Hearing (*e.g.*, Interrogatories Nos. 2-3, requesting dates and times of resolutions set forth in the voluntary petitions) or otherwise are premature, cumulative and unduly burdensome (*e.g.*, Interrogatory No. 4, requesting the reasons that Mr. Denton is indispensable to the asset sale, a factual issue that was explained in detail in Gawker Media's brief).

After further discussions, just this morning counsel for Mr. Bollea informed us that they intended to seek to compel Gawker Media's compliance with the full scope of their over-broad, unduly burdensome and inappropriate document and other discovery requests. In contrast, to date Gawker Media — the movant here, and upon whom the burden lies in connection with the Motion — has not seen a need to seek pre-hearing discovery in connection with its Motion, although it reserves the right to do so pending the Court's ruling on this discovery issue.

Mr. Bollea's expedited discovery requests are precisely the type of burden and distraction the Motion seeks to avoid in actions outside of this Adversary Proceeding. It is equally as necessary to avoid them within the Adversary Proceeding. That is particularly so now given that, as the Court has recognized, Gawker Media should be focused on the impending sale of its assets. Complying with these discovery requests would undermine Gawker Media's ability to do that. As a result, Mr. Bollea's request to compel compliance with the expedited requests should be denied. *See BlackRock, Inc. v. Schroders PLC*, 2007 WL 1573933, at *8 (S.D.N.Y. May 30, 2007) ("Courts in this district apply one of two tests to determine whether the expedited discovery is appropriate . . . . [T]he party requesting expedited discovery must either satisfy a four-part test similar to the standard for a preliminary injunction . . . or demonstrate that it has 'good cause' for its request and that the request is reasonable in light of the circumstances.") (noting court's previous denial of plaintiff's request for expedited discovery for preliminary injunction motion); *Ayyash v Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (noting court's discretion as to whether to order expedited discovery and that where plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, courts should apply the "reasonableness and good cause" standard, whereby "'it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances'") (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (denying motion

ROPES & GRAY LLP

Hon. Stuart M. Bernstein
June 28, 2016
Page 5

for expedited discovery to prepare for preliminary injunction hearing)); *N. Atl. Op. Co.. v. Evergreen Distrib., LLC*, 293 F.R.D. 363, 368 (E.D.N.Y. 2013) (blending "the *Notaro* four-factor test and the reasonableness and good cause standard" in granting in part and denying in part motion for expedited discovery for preliminary injunction motion). Moreover, Mr. Bollea should not be able to take advantage of the courtesies that his counsel sought and received in order to obtain discovery he would not otherwise have been able to obtain.

In any event, Mr. Bollea will have a full opportunity to establish a record at the evidentiary hearing on July 13. In the meantime, we respectfully request that the Court quash Mr. Bollea's remaining discovery requests, including his notices of deposition and, to the extent not already satisfied by Gawker Media's June 23 production, his interrogatories and document requests.

*Briefing Schedule*. In addition, as part of our meet and confer with Mr. Bollea's counsel, we requested a briefing schedule calling for, in light of the intervening July 4 holiday, Mr. Bollea's opposition to the Motion by June 27 and Gawker Media's reply by July 8. Counsel for Mr. Bollea responded that the parties should keep the same formulation for timing that had been agreed when they believed the hearing would be set for June 24; namely, that Gawker Media's reply should be filed three days after Mr. Bollea's opposition and two days before the hearing. Of course that schedule allocates twenty-three of the twenty-eight additional days resulting from the adjournment — an adjournment prompted by counsel for Mr. Bollea's request — to Mr. Bollea, and leaves only three of those days for Gawker Media and two of those days for the Court. Indeed, it allocates the entirety of the additional nineteen days above what the parties had anticipated would be the adjournment to Mr. Bollea. We subsequently offered to agree to move Mr. Bollea's opposition deadline to June 30 (and keep Gawker Media's reply deadline on July 8), but counsel for Mr. Bollea rejected that offer as well.

We respectfully submit that the compressed timing for Gawker Media (and the Court) proposed by Mr. Bollea is unreasonable given the current July 13 hearing date. We regret having to burden the Court with this issue, but given what we believe is an unreasonable position by Mr. Bollea's counsel, we respectfully request that the Court set a more reasonable briefing schedule. We propose that opposition papers be due June 30 and reply papers be due July 8.

ROPES & GRAY LLP

Hon. Stuart M. Bernstein
June 28, 2016
Page 6

  We are available for a conference with the Court on these matters at the Court's earliest convenience.

                Respectfully submitted,

                David B. Hennes
                Michael S. Winograd

cc: All Counsel of Record (by ECF)