**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Gawker Media, LLC,<br><br>        Debtor | Chapter 11<br><br>Case No. 16-11700 (SMB) |
| Gawker Media, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Meanith Huon, Ashley Terrill, Teresa Thomas, Shiva Ayyadurai, Terry Gene Bollea, Charles C. Johnson, and Got News LLC,<br><br>        Defendants. | Adv. Proc. No. 16-ap-1085 |

**DECLARATION OF SHANE B. VOGT IN SUPPORT OF**
**DEFENDANT TERRY G. BOLLEA'S OPPOSITION TO DEBTOR'S MOTION FOR**
**(I) A PRELIMINARY INJUNCTION AND/OR**
**(II) EXTENSION OF THE AUTOMATIC STAY**

I, SHANE B. VOGT, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the law firm of Bajo Cuva Cohen Turkel, P.A. I am admitted *pro hac vice* to practice before this Court. I submit this Declaration in support of Defendant Terry G. Bollea's Opposition to Debtor's Motion for (I) a Preliminary Injunction and/or (II) Extension of the Automatic Stay.

2. In October 2012, Debtor, Nick Denton, and Alfred J. Daulerio posted on Gawker.com secretly and illegally recorded video footage of Mr. Bollea engaging in sexual activity in a private bedroom. Then, they refused Mr. Bollea's pleas to remove the video. With no other recourse to protect his privacy, on October 15, 2012, Mr. Bollea sued Debtor, Mr.

Denton, Mr. Daulerio, and a number of other defendants in Florida. Ultimately, Mr. Bollea asserted the following causes of action against Debtor, Mr. Denton and Mr. Daulerio in state court under the caption *Bollea v. Gawker Media, LLC, et al.*, No. 12012447-CI-011 (Fla. 6th Jud. Cir., Pinellas Cty.) (the "Bollea Litigation"): (1) publication of private facts; (2) invasion of privacy based on intrusion; (3) violation of Florida's common law right of publicity; (4) intentional infliction of emotional distress; and (5) violation of Florida's Security of Communications Act.

3. Mr. Bollea's claims proceeded to trial, which began on March 1, 2016.

4. Mr. Denton and Debtor's President and General Counsel, Heather Dietrick attended every day of the trial.

5. On March 18, 2016, the jury returned a verdict for Mr. Bollea on all counts and awarded him $115 million in compensatory damages against Debtor and Messrs. Denton and Daulerio (collectively, with Debtor, the "Judgment Debtors"). The Jury also found that punitive damages were warranted.

6. On March 21, 2016, the jury awarded Mr. Bollea an additional $25 million in punitive damages divided as follows: $15 million against Debtor, $10 million against Mr. Denton, and $100,000 against Mr. Daulerio. The jury awarded a fraction of the compensatory damages award in punitive damages based on Judgment Debtors' respective net worth.

7. Subsequently, the Judgment Debtors moved for a judgment notwithstanding the verdict, a new trial, or a reduction of the award against them.

8. On May 25, 2016, the Court denied the Judgment Debtors' post-trial motions and specially set a hearing on June 10, 2016 to address Judgment Debtors' request to be heard concerning the amount of the bond necessary to stay execution pending appeal.

9. On the afternoon of June 9, 2016, Judgment Debtors filed a Motion for Stay of Execution Pending Appeal (the "Motion for Stay").

10. At the hearing on June 10, 2016, Judgment Debtors asked the Florida court to accept Messrs. Denton and Daulerio's pledge of their shares in Debtor's parent company, Gawker Media Group, Inc. ("GMGI") as security for the judgment pending the disposition of the appeals. The Court accepted their proposal but also ruled that there would be some additional conditions associated with the pledge so as to ensure their transfer and value.

11. Before the Court could enter an order consistent with its ruling, Debtor filed for bankruptcy and sought an *ex parte* temporary restraining order enjoining further activity in the Bollea Litigation.

12. Since the verdict in the Bollea Litigation and Debtor's bankruptcy, Mr. Denton has posted several blog posts on Debtor's website, gawker.com, and responded to individuals commenting on those posts. *See e.g.*, The Hogan Verdict (March 22, 2016) (available at http://gawker.com/the-hogan-verdict-1766460791); An Open Letter to Peter Thiel (May 26, 2016) (available at http://gawker.com/an-open-letter-to-peter-thiel-1778991227); Here is the Good News (June 15, 2016) (available at http://gawker.com/here-is-the-good-news-1781980613). He has also appeared for several interviews in various forums and news outlets including the following:

- Three televised interviews airing on March 24, 2016. *See* "Nightline" Interview (available at http://abc.go.com/shows/nightline/episode-guide/2016-03/24-032416-hulk-hogan-trial-jurors-gawkers-nick-denton-respond-to-verdict); "The View" Interview (available at https://www.youtube.com/watch?v=pYJHmClzpI4); "Inside Edition" Interview (available at https://www.youtube.com/watch?v=RdPqXaYE1ro&list=PLORsMq-XHWZQzOFRH4D5ZWKSrATfbdzGI);

3

- An interview with Fortune Magazine published on April 14, 2016. *See* Robert Hacket, Gawker CEO Nick Denton: 'I Wish I Had Known How Litigigious Hulk Hogan Was.' (available at http://fortune.com/2016/04/14/gawker-ceo-nick-denton-hulk-hogan/);

- An appearance on CBS This Morning on May 31, 2016. *Available at* http://www.cbsnews.com/videos/gawker-ceo-nick-denton-on-feud-with-peter-thiel-hulk-hogan-verdict/;

- A 45-minute interview at Code Conference, an industry conference hosted by a company, Vox Media, in which Mr. Denton owns shares on June 2, 2016. *Available at* https://www.youtube.com/watch?v=Vx28-mBOYR0; and

- A live appearance on CNBC's "Squawkbox" on June 15, 2016. *Available at* http://video.cnbc.com/gallery/?video=3000526044&play=1.

Finally, Mr. Denton has also engaged in back-and-forth public correspondence on Twitter.com on a variety of topics including Donald Trump and the recent "Brexit" vote.

13. Attached as Exhibit A is a true and correct copy of the March 18, 2016 Transcript from the Bollea Litigation ("March 18, 2016 Trial Tr.").

14. Attached as Exhibit B is a true and correct copy of the verdict form from the Bollea Litigation (the "Verdict Form").

15. Attached as Exhibit C is a true and correct copy of the Final Judgment in the Bollea Litigation (the "Final Judgment").

16. Attached as Exhibit D is a true and correct copy of the June 10, 2016 Transcript from the Bollea Litigation (the "June 10, 2016 Hearing Tr.").

17. Attached as Exhibit E are excerpts from Debtor's Voluntary Petition for Non-Individuals Filing for Bankruptcy (Dkt. No. 1, the "Gawker Media Bankruptcy Petition").

18. Attached as Exhibit F is a true and correct copy of the June 15, 2016 Transcript from the First Day Motions Hearing (the "June 15, 2016 Hearing Tr.").

4

19. Attached as Exhibit G is a true and correct copy of the GMGI 13 Week Cash Flow Report, which was attached to Debtor's Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Rule 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Incurrence by the Debtors of Postpetition Secured Indebtness, (II) Granting Liens, (III) Authorizing Use of Cash Collateral by the Debtors and Providing for Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing (Dkt. No. 19).

20. Attached as Exhibit H is a true and correct copy of excerpts from GMGI's Voluntary Petition for Non-Individuals Filing for Bankruptcy (the "GMGI Bankruptcy Petition").

21. Attached as Exhibit I is a true and correct copy of the December 31, 2009 Indemnity Agreement between GMGI and Denton ("Indemnity Agreement")

22. Attached as Exhibit J is a true and correct copy of the Fourth Amended and Restated Memorandum and Articles of Association of GMGI ("GMGI Articles of Association").

23. Attached as Exhibit K is a true and correct copy of the Second Amended and Restated Operating Agreement of Gawker Media ("Gawker Media Operating Agreement")

24. Attached as Exhibit L is a true and correct copy of excerpts from the Declaration of William D. Holden in Support of First Day Motions (Dkt. No. 7; the "First Day Declaration").

25. Attached as Exhibit M is a true and correct copy of the June 6, 2016 Engagement Letter with Opportune LLP (the "Opportune Engagement Letter").

26. Attached as Exhibit N is a true and correct copy of excerpts from the Declaration of William D. Holden in Support of Debtors' Application Pursuant to Bankruptcy Code Sections 105(a) and 353(b) for Entry of an Order Authorizing the Debtors to (I) Retain Opportune LLP to

5

Provide the Debtors with a Chief Restructuring Officer and Certain Additional Personnel, and (II) Designate William D. Holden as Chief Restructuring Officer for the Debtors, *Nunc Pro Tunc* to the Petition Date (Dkt. No. 55; the "CRO Motion").

27. Attached as Exhibit O is a true and correct copy of excerpts from the Debtor's Application for Entry of an Order Authorizing the Debtors to Retain Houlihan Lokey an Investment Banker for the Debtors *Nunc Pro Tunc* to the Petition Date (Dkt. No. 58; the "Houlihan Lokey Application").

28. Attached as Exhibit P is a true and correct copy of excerpts from the Debtors' Motion for (I) an Order (A) Authorizing and Approving Bidding Procedures, Breakup Fee and Expense Reimbursement, (B) Authorizing and approving the Debtors' Entry Into and Assumption of the Stalking Horse Asset Purchase Agreement, (c) Approving Notice Procedures, (d) Scheduling a Sale Hearing, and (E) Approving Procedures for Assumption and Assignment of Certain Contracts and Leases and Determining Cure Amounts and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (B) Approving the Asset Purchase Agreement and (C) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases (Dkt. No. 21; the "Sale Motion").

29. Attached as Exhibit Q is a true and correct copy of the May 16, 2016 Engagement Letter with Houlihan Lokey Capital, Inc. (the "Houlihan Lokey Agreement").

30. Attached as Exhibit R is a true and correct copy of excerpts from the Declaration of William D. Holden in Support of Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Ropes & Gray LLP as Attorneys for the Debtors and Debtors

6

in Possession Effective *Nunc Pro Tunc* to the Petition Date (Dkt. No. 57; the "Ropes & Gray Motion").

31. Attached as Exhibit S is a true and correct copy of the March 21, 2016 punitive damages verdict sheet from the Bollea Litigation (the "Punitive Damages Verdict Form").

32. Attached as Exhibit T is a true and correct copy of the Judgment Debtors' June 9, 2016 Motion for Stay in the Bollea Litigation.

33. Attached as Exhibit U is a true and correct copy of the June 9, 2016 Affidavit of Nick Denton in Support of the Motion for Stay in the Bollea Litigation (the "Denton Affidavit in Support of Motion for Stay").

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 5, 2016

                                                  s/Shane B. Vogt\
                                                Shane B. Vogt

**BAJO CUVA COHEN TURKEL, P.A.**\
100 N. Tampa Street, Suite 1900\
Tampa, Florida 33602\
Tel: (813) 868-6650\
shane.vogt@bajocuva.com

*Attorneys for Terry G. Bollea*