Meanith Huon
Attorney for the Defendant, Meanith Huon
PO Box 441
Chicago, Illinois 60690
312-405-2789
Fax No.: 312-268-7276
huon.meanith@gmail.com
Illinois ARDC No.: 6230996

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| **Gawker Media, LLC,** | ) | **Chapter 11** |
| | ) | |
| Debtor, | ) | **Case No.: 16-11700 (SMB)** |
| | ) | |
| _____ | ) | |
| | ) | |
| **Gawker Media, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Meanith Huon, Ashley Terrill, Teresa Thomas,** | ) | **Adversary Proceeding** |
| **Shiva Ayyadurai, Terry Gene Bollea,** | ) | **No.: 16-01085 (SMB)** |
| **Charles C. Johnson, and Got News LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS COMPLAINT, OR ALTERNATIVELY, FOR MANDATORY OR PERMISSIVE ABSTENTION

Defendant, Meanith Huon ("Huon"), moves to dismiss Plaintiff, Gawker Media, LLC's

Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, moves this Honorable Court to

abstain from hearing the adversary proceedings against Huon, pursuant to 28 U.S.C. § 1334(c)(2)

and 28 U.S.C. § 1334(c)(1), and in support thereof, states as follows:

### I.  STANDARD

Rule 12(b)(6) allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b);  In re Bernard L. Madoff Inv. Securities LLC, 458 BR 87, 104 (Bankr. S.D. N.Y. 2011).  When considering a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir.2000).  To survive a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008.  A recitation of the elements of the cause of action supported by mere conclusory statements, however, is insufficient.  Iqbal, 129 S.Ct. at 1949. Rather, a complaint must state "a plausible claim for relief," id. at 1950, which would be the case where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. at 1949. Finally, in determining plausibility, this Court must "draw on its judicial experience and common sense," id. at 1950, to decide whether the factual allegations "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

## II.  HUON HAS BEEN IMPROPERLY JOINED IN ONE ACTION WITH THE OTHER DEFENDANTS.

Fed. R. Civ. P. 20(a)(2) provides in relevant part that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**

1

(B) any question of law or fact common to all defendants will arise in the action. (emphasis supplied.)

Plaintiff pleads on page 12 of its Complaint that Huon filed an action for defamation and related torts against Gawker Media, Nick Denton, and Gabrielle Darbyshire in Federal Court in the Northern District of Illinois in case No. 11-cv-3054, that the District Court dismissed the case against the Gawker defendants, that Huon appealed the decision, and that the Seventh Circuit Court of Appeals heard oral argument on May 31, 2016.[1]   Plaintiff has not pled that Huon's lawsuit against the Gawker defendants arise out of the same transaction, occurrence, or series of transactions or occurrences as the lawsuits filed against Gawker Media, LLC by the other defendants Ashley Terrill, Teresa Thomas, Shiva Ayyadurai, Terry Gene Bollea, Charles C. Johnson, and Got News LLC.  More importantly, Plaintiff has not pled any question of law or fact common to all defendants will arise in the action.  At best, Plaintiff merely seeks injunctive relief against these defendants.

For these reasons, the action against Huon should be severed from the action against these other defendants, on the basis of misjoinder, pursuant Fed. R. Civ. P. 21.

### III.  THERE IS NO CASE OR CONTROVERSY THAT IS RIPE FOR ADJUDICATION.

The United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies."  U.S. Const. art III, § 2, cl. 1; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 238–239, 57 S.Ct. 461, 81 L.Ed. 617 (1937);  In re Adelphia Communications Corp., 307 B.R. 432, 436-437 (Bankr. S.D. N.Y. 2004).  Although bankruptcy courts are not Article III courts,

---

[1]

http://media.ca7.uscourts.gov/oralArguments/oar.jsp?caseyear=15&casenumber=3049&listCase =List+case(s)

they are subject to the jurisdictional constraints of Article III to the extent that they exercise the judicial power of the United States. In re Adelphia Communications Corp., 307 B.R. 432, 436-437, footnote 5 (Bankr. S.D. N.Y. 2004). "The Supreme Court has stressed not only that the controversy must be sufficiently real and immediate, allowing specific and conclusive relief, but that it must also be ripe for adjudication." In re Adelphia Communications Corp., 307 B.R. 432, 437 (Bankr. S.D. N.Y. 2004) (Citing Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F.Supp.2d 394 (S.D.N.Y.2002).) The Supreme Court instructed that "[t]he disagreement must not be nebulous or contingent but must have taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them." ." In re Adelphia Communications Corp., 307 B.R. 432, 437 (Bankr. S.D. N.Y. 2004) (Citing Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F.Supp.2d 394 (S.D.N.Y.2002).) "[C]entral to the ripeness requirement is that courts should not endeavor to resolve contingencies that may or may not occur as expected or may not happen at all." In re Adelphia Communications Corp., 307 B.R. 432, 438 (Bankr. S.D. N.Y. 2004) (Citing Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F.Supp.2d 394 (S.D.N.Y.2002).)

Justiciability is a concept having its basis in Article III of the United States Constitution, which requires a case or controversy, necessarily involving several related doctrines, including standing, ripeness, and the avoidance of advisory opinions. In re Erikson, 2013 WL 2035875 (Bankr. E.D. Mich. 2013) at page 2. Standing requires that a plaintiff establish (a) a concrete and particularized injury that is actual or imminent, not conjectural or hypothetical, (b) a fairly traceable causal connection between the injury and the alleged conduct, and (c) a likelihood that

3

the injury will be redressed by a favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.

555, 560–61 (1992); <u>In re Erikson</u>, 2013 WL 2035875 (Bankr. E.D. Mich. 2013) at page 2.

      Standing overlaps with the ripeness doctrine, which prevents courts from prematurely

adjudicating abstract controversies that are based on anticipated events that might not occur. In

addressing ripeness, a court should consider (a) the likelihood that the harm that plaintiff alleged

will ever come to pass; (b) whether the factual record is sufficiently developed to fairly

adjudicate the merits of the claims; and (c) the hardship to the parties if judicial relief is denied at

that stage. <u>In re Erikson</u>, 2013 WL 2035875 (Bankr. E.D. Mich. 2013) at page 2.  Ripeness arises

under both Article III limitations on judicial power and also a court's discretion to refuse to

exercise jurisdiction for prudential reasons. <u>Id.</u>  "The linchpin of ripeness ... is adverseness." <u>In

re Vitalsigns Homecare, Inc.</u>, 428 B.R. 14,15 (Bankr. D. Mass. 2010) (Citing <u>In re NSCO, Inc.</u>,

427 B.R. 165, 176–78, 2010 WL 1257975, *7–8 (Bankr.D.Mass.2010).)  Adverseness is decided

in a practical, commonsense way: the adverseness requirement demands that the facts alleged,

under all the circumstances, show that there is a substantial controversy, between parties having

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of the relief

sought. <u>Id.</u>

      "Justiciability" is the term "employed to give expression to the dual limitation placed

upon federal courts by the case-and-controversy doctrine." <u>Petition of Davis</u>, 191 B.R. 577, 582

(Bankr. S.D. N.Y. 1996) (<u>Citing Flast v. Cohen</u>, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20

L.Ed.2d 947 (1968).)  Among other things, "justiciability" embodies the doctrines of standing,

ripeness and mootness. <u>Petition of Davis</u>, 191 B.R. 577, 582 (Bankr. S.D. N.Y. 1996) (<u>Citing

Flast v. Cohen</u>, 392 U.S. at 94–97, 88 S.Ct. at 1949–51.)

4

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Petition of Davis, 191 B.R. 577, 583 (Bankr. S.D. N.Y. 1996) (Citing Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969); United States Parole Commission, et al. v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). ).

The mere threat of litigation is not a basis for extending the automatic stay. In re Granite Partners, L.P., 194 B.R. 318, 337-338 (Bankr. S.D. N.Y 1996). (The mere threat to an insurance policy does not implicate the automatic stay, and the Court should not extend the automatic stay if that is the only "injury" that the debtor can show. An action by a third party to recover a judgment against another third party, whose liability may be covered under an insurance policy that also grants the debtor separate rights, does not implicate the automatic stay. Id.)

In this case, Plaintiff has not even pled that Huon has threatened additional litigation against Gawker Media, LLC, following the filing of Huon's lawsuit in 2011 in the Northern District of Illinois.   Plaintiff pleads that Huon filed a lawsuit against the Gawker defendants in 2011 in Case No. 11-cv-03054, that the "the trial court dismissed the case against each Gawker defendant (including the individuals)", that "Huon appealed the decision and the U.S. Court of Appeals for the Seventh Circuit heard argument on May 31, 2016". (Doc. 1, Page 13.)[2]  Plaintiff has not pled that since Huon filed his lawsuit in 2011 that he ever threatened additional litigation against the Gawker defendants; Plaintiff merely pleads that oral argument was heard in Huon's lawsuit.

The Gawker defendants used Huon's civil lawsuit as an opportunity to continue personally attacking or defaming Huon in Case No. 11-cv-03054.  Huon argued that the Gawker

---

[2] Huon's appeal is numbered Case: 15-3049 (Seventh Circuit Court of Appeals).

Defendants misrepresented to the District Court that Huon had pending criminal charges on

September 30, 2011, when he did not.  (Case: 15-3049, Seventh Circuit Court of Appeals,

Document: 45, Pages: 35.)[3] Huon has never been convicted of a felony or misdemeanor.

Plaintiff has not pled that between the date that Huon filed his 2011 lawsuit and the time

that Gawker Media, LLC filed for bankruptcy that Huon has made any threat of additional

litigation.  The Seventh Circuit Court of Appeals heard oral arguments in Huon's appeal of a

case in which Huon seeks to clear his name.

Finally, the issue at least with regard to Gawker Media, LLC, raised by Plaintiff is moot

because on June 23, 2016, the Seventh Circuit Court of Appeals issued the following order:

> Upon consideration of the SUGGESTION OF BANKRUPTCY, filed on June 14, 2016,
> by counsel for appellee Gawker Media LLC,
>
> IT IS ORDERED that proceedings in the appeal are SUSPENDED with respect to
> appellee Gawker Media LLC. See 11 U.S.C. § 362.
>
> IT IS FURTHER ORDERED that counsel for appellee Gawker Media LLC file a status
> report regarding the bankruptcy proceedings by August 22, 2016.
>
> (Case: 15-3049, Document: 52, Pages: 1)

### IV.  THE FEDERAL BANKRUPTCY CODE IS NOT A SHIELD TO PROTECT INDIVIDUALS FROM THEIR OWN WRONGDOING.

Indeed, the only threatened litigation is Plaintiff naming Huon as a defendant in this

adversary proceeding and forcing him to spend the resources and time to defend himself in the

---

[3] A court may consider facts subject to judicial notice in the context of a motion to dismiss under
Rule 12(b)(6). Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499,
2509 (2007); Doherty v. City of Chicago, 75 F.3d 318, 325 n.4 (7th Cir. 1996); Facebook, Inc. v.
Teachbook.com LLC, 819 F. Supp. 2d 764, 771 (N.D. Ill. 2011). A court can take judicial notice
of admissions made by the Defendants in the form of postings on its websites. US v. White, 698
F.3d 1005, 1017 (7th Cir. 2012); Facebook, Inc., 819 F. Supp. 2d at 771 (N.D. Ill. 2011); Rowe
v. Gibson, 798 F. 3d 622 (7th Cir. 2015); Federal Rule of Evidence 201(d).

Southern District of New York Bankruptcy Court when he resides in the State of Illinois, a more convenient forum.

Continuing with its personal attacks or defamation of Huon, after the Gawker defendants filed a Suggestion of Bankruptcy in Huon's appeal at 11:18 am Central Time on June 14, 2016, (Case: 15-3049 Document: 51, Pages: 2), Gawker Media ran another story regarding Huon at 3:10 pm Central Time on June 14, 2016: http://gawker.com/now-peter-thiels-lawyer-wants-to-silence-reporting-on-t-1781918385.   The article omitted important facts about Huon's civil lawsuit including—among other things—that Defendants called Huon a "Rapist" in bold large fonts, superimposed over his old mugshot, positioned next to the words "ABOVE THE LAW", "Rape Potpourri", and "We've got a couple of rape stories", more than a year after Huon was acquitted.   The Gawker Media article seems to argue that Gawker Media's article on Huon "bolsters rather than defames [Huon's] reputation".   Gawker Media conveniently omits the fact that Gawker Media called Huon a "Rapist" more than a year after he was acquitted.   Calling someone a "Rapist" on the Internet does not bolster his reputation.   Gawker Media also waited until 3:10 pm to post the story, after the Gawker defendants filed a Suggestion of Bankruptcy that same morning.

As a general rule "stays pursuant to [11 U.S.C.§] 362(a) are limited to debtors and do not encompass non-bankruptcy codefendants." In re Wolf Financial Group, Inc., 1994 WL 913278 (Bankr. S.D. N.Y. 1994) at page 3 (Citing Teachers Ins. & Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2d Cir. 1986).).   Stays pursuant to § 362 should not be extended to protect non-debtors from their own wrongdoing.   In re Wolf Financial Group, Inc., 1994 WL 913278 (Bankr. S.D. N.Y. 1994) at page 6.   See CAE Industries, Ltd. v. Aerospace Holdings Co., 116

B.R. 31, 33 (S.D.N.Y. 1990) (extension of automatic stay not warranted where claims against

non-debtor based on non-debtor's individual activities which constituted a breach of duty against

creditors); In re Metal Center, 31 B.R. 458, 462 (D. Conn. 1983) (where non-debtor codefendant

is independently liable to creditor as a joint tort-feasor or because of own breach of duty,

automatic stay, as a rule, not extended); see also A.H. Robins Co., Inc. v. Piccinin, 994, 999 (4th

Cir.) (although court extended stay to non-debtor, court noted that relief is inappropriate when

codefendant is a joint tort-feasor).  See also CAE Industries Ltd. v. Aerospace Holdings Co., 116

B.R. 31, 33 (Bankr. S.D. N.Y. 1990).

The § 362(a)(1) automatic stay is generally considered to be available only to the debtor,

and not to third-party solvent defendants. In re MCSi, Inc., 371 B.R. 270, 271 (Bankr. S.D. Ohio

2004).  " '[I]t would distort congressional purpose to hold a third[-]party solvent co-defendant

should be shielded against his creditors by a device intended for the protection of the insolvent

debtor' and creditors thereof."  In re MCSi, Inc., 371 B.R. 270, 271 (Bankr. S.D. Ohio 2004).

Citing Lynch v. Johns–Manville Sales Corp., 710 F.2d 1194, 1197 (6th Cir.1983) (quoting

H.R.REP. NO. 95–595, 95th Cong., 2d Sess. 340 (1978), U.S.Code Cong. & Admin.News 1978,

p. 5963)).  However, while there are cases under § 362(a)(1) where a court may properly stay the

proceedings against non-bankrupt co-defendants, such a measure is justified only in "unusual

circumstances."  In re MCSi, Inc., 371 B.R. 270, 271 (Bankr. S.D. Ohio 2004).  (Citing Parry v.

Mohawk Motors of Michigan, Inc., 236 F.3d 299, 314 (6th Cir.2000), cert. denied, 533 U.S. 951,

121 S.Ct. 2594, 150 L.Ed.2d 752 (2001)).

Joint torfeasors who are independently liable for third-party claims should not covered by

extensions of the automatic stay under Section 362(a).  In re Kmart Corp., 285 B.R. 679 (Bankr.

8

N.D. Ill. 2002) (Citing A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986) and Fox

Valley Construction Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert

Restorations, 140 F.3d 661, 666 (7th Cir.1998).

     In In re Bidermann Industries U.S.A., Inc., 200 B.R. 779, 784 (Bankr. S.D. N.Y 1996),

the debtor commenced an adversary proceeding in Chapter 11 proceedings to enjoin the

defendant from continuing to prosecute a state court tort action against the debtor's chairman,

and a declaration that certain proceedings previously taken in state court are void.  The defendant

had sued the debtor for breach of an employment contract and the debtor's chairman for

defamation.  The Bankruptcy Court held that the litigation stay does not apply automatically to

stay actions against nondebtors, and that even if the litigation stay did apply automatically in

unusual circumstances to actions against nondebtors, it would not stay defendant's state court

action against debtor's chairman for defamation.  As the Bankruptcy Court explained:

> First, the defendant's lawsuit does not interfere with the reorganization. [The debtor's
> chairman] Mr. Bidermann apparently resides in France, and does not participate in the
> day to day management of the debtor. Second, there is no danger of binding the debtor
> through a judgment against Mr. Bidermann. This is not a situation in which the corporate
> insider committed a tort, such as fraud, in connection with a business transaction
> involving the debtor and a third party, and the corporation's liability arises from its
> relationship to the wrongdoer. Instead, the defendant sued Mr. Bidermann for
> defamation, and the debtor for breach of contract. The claims are different, and depend
> on different operative facts. In re Bidermann Industries U.S.A., Inc., 200 B.R. 779, 784
> (Bankr. S.D. N.Y 1996).

Section105(a) of the Code is an omnibus provision intended to "assure the bankruptcy

courts power to take whatever action is appropriate or necessary in aid of the exercise of its

jurisdiction."  In re Wolf Financial Group, Inc., 1994 WL 913278 (Bankr. S.D. N.Y. 1994) at

page 7; 2 Collier on Bankruptcy,§105.01 at 105-2 (15th ed. 1994). While it does not expressly

empower the bankruptcy court to enjoin actions against non-debtor parties, it does authorize the

9

court to "issue any order, process or judgment that is necessary or appropriate to carry out the

provisions of [title 11]." In re Wolf Financial Group, Inc., 1994 WL 913278 (Bankr. S.D. N.Y.

1994) at page 7 (Citing 11 U.S.C. §105(a).).  Thus, §105 is distinguishable from those statutes

which expressly authorize the issuance of an injunction.  ).   There is a limited exception to the

irreparable harm requirement for issuance of a preliminary injunction in the bankruptcy context

but only where the conduct to be enjoined places the reorganization at risk or impairs the court's

jurisdiction with respect to a case before it.  In re Wolf Financial Group, Inc., 1994 WL 913278

(Bankr. S.D. N.Y. 1994) at page 9.

Extension of the Automatic Stay to non-bankrupt defendants is a matter of discretion.

Millard v. Developmental Disabilities Institute, Inc., 266 B.R. 42, 44 (Bankr. S.D. N.Y. 2001)

Factors to consider when deciding whether to exercise such discretion include: (1) whether

continuation of outside litigation would so distract individuals important to the reorganization

process as to impede the reorganization effort; (2) whether extension of the stay would work a

hardship on plaintiffs by giving "unwarranted immunity" to solvent defendants; (3) whether a

recovery would so reduce the debtor's limited insurance fund as to affect the property of the

estate and (4) whether or not the non-bankrupt party seeking the stay is independently liable to

the plaintiff.  Millard v. Developmental Disabilities Institute, Inc., 266 B.R. 42, 44 (Bankr. S.D.

N.Y. 2001) (Citing  A.H. Robins Co. v. Piccinin, 788 F.2d 994, 998 (4th Cir.1986)).

In In re Wolf Financial Group, Inc., 1994 WL 913278 (Bankr. S.D. N.Y. 1994), debtors'

commenced an adversary proceeding seeking judgment pursuant to 11 U.S.C. §§105 and 362

staying/enjoining prosecution of approximately seventy civil and regulatory actions pending

against them, their principals and former employees for the duration of debtors' exclusive

periods in which to file and solicit acceptances of chapter 11 plan(s) of reorganization.  The Bankruptcy Court would not extend § 362 to stay prosecution of the disciplinary proceedings of the principals/employees Wolf, Sullivan and/or Petrantis to protect non-debtors from their own wrongdoing.

Even assuming, arguendo, that the limited exception under §105 was applicable, the debtors in In re Wolf Financial Group, Inc. failed to show a right to injunctive relief in this case, because the actions did not threaten the Bankruptcy Court's jurisdiction.  The debtors failed to show that continued prosecution of the actions, as against non-debtor defendants would "embarrass, burden, delay or otherwise impede the reorganization proceedings."

In the case at hand, Plaintiff essentially used the bankruptcy proceedings as a shield to allow Gawker Media to continue defaming or personally attacking Huon.  In fact, by continuing to defame or personally attack Huon in its article and by hauling Huon to court as a defendant in the Southern District of New York, Plaintiff  shown that Gawker Media can continue to engage in defaming, bullying, or personally attacking individuals in its posts and stories even while in bankruptcy proceedings.  Plaintiff has not shown that Huon has engaged in any conduct that would impede the debtor in its efforts at reorganization.

If Plaintiff  had a real concern in preventing litigation while  the debtor reorganizes Gawker Media, LLC or Gawker Media, then Plaintiff can simply stop defaming, bullying, or committing intentional torts against Huon or any other individual.  Gawker Media has not removed the defamatory articles against Huon.  There are at least 7 billion individuals in the world, and so many topics and stories on which Gawker Media can choose to write on, while it is reorganizes its business.

11

The Federal Bankruptcy Code should not be used as a shield to allow Plaintiff , Nick

Denton, Gawker Media, or any of Gawker Media's writers and employees to continue engaging

in acts of wrongdoing against individuals.

## IV.  THE BANKRUPTCY COURT SHOULD ABSTAIN FROM HEARING THE ADVERSARY PROCEEDINGS AGAINST HUON.

Mandatory abstention is required by 28 U.S.C. § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.  28 U.S.C. § 1334(c)(2); In re Taub, 417 B.R. 186, 191 (Bankr. S.D. N.Y. 2009).

The abstention provisions implicate the question whether the bankruptcy court should

exercise jurisdiction, not whether the court has jurisdiction in the first instance. In re SG Phillips

Constructors, Inc., 45 F. 3d 702, 708 (2nd Cir. 1995).  § 1334(c)(2) requires the district court to

abstain from hearing a non-core matter which can be timely adjudicated in state court in a

previously commenced action.  Id.  The act of abstaining presumes that proper jurisdiction

otherwise exists. Id.  The most obvious limitation on the applicability of mandatory abstention is

that it applies only to claims "related to a case under title 11 but not arising under title 11 or

arising in a case under title 11"; that is, abstention is only mandated with respect to non-core

matters. Id.

In In re Thomson McKinnon Securities Inc., 161 B.R. 98 (S.D.N.Y. 1993), after the

Chapter 11 debtor commenced adversary proceeding against former holder of securities account

with debtor for recovery of alleged debit balance from his margin account, defendant filed

motion for mandatory abstention. The Bankruptcy Court held that it would abstain since the

12

adversary proceeding, which involved state law contract issues, did not depend upon

construction or application of bankruptcy law and, thus, was related to but did not arise under

Bankruptcy Code.  The bankruptcy filing was the only basis for federal jurisdiction, and the

debtor had commenced substantially similar prepetition state court action which was still

pending.

     Permissive abstention is contemplated by 28 U.S.C. § 1334(c)(1):

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents
> a district court in the interest of justice, or in the interest of comity with State courts or
> respect for State law, from abstaining from hearing a particular proceeding arising under
> title 11 or arising in or related to a case under title 11.  28 U.S.C. § 1334(c)(1);  In re
> Taub, 417 B.R. 186, 191 (Bankr. S.D. N.Y. 2009).

     In considering whether permissive abstention is appropriate, courts have "considered one

or more (not necessarily all) of twelve factors...." In re Taub, 417 B.R. 186, 191-192 (Bankr.

S.D. N.Y. 2009) (Citing Cody, Inc. v. County of Orange, 281 B.R. 182, 190 (S.D.N.Y.2002),

aff'd in part, appeal dismissed in part, 338 F.3d 89 (2d Cir.2003).).  These factors are:

"(1) the effect or lack thereof on the efficient administration of the estate if a court recommends

abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the

difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding

commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other

than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main

bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the

feasibility of severing state law claims from core bankruptcy matters to allow judgments to be

entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the

13

court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties."  In re Taub, 417 B.R. 186, 192 (Bankr. S.D. N.Y. 2009) (Citing In re Cody, 281 B.R. at 190–91, In re 610 W. 142 Owners Corp., 1999 WL 294995, at *3 (S.D.N.Y. May 11, 1999), In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 332 (S.D.N.Y.2003).).

In In re Taub, 417 B.R. 186 (Bankr. S.D. N.Y. 2009), the Chapter 11 debtor-landlord brought adversary proceeding to compel tenants in rent stabilized apartment complex either to turn over past due rent which they allegedly owed or to quit premises, and tenants counterclaimed for debtor's alleged violations of New York Rent Stabilization Law in purportedly charging excessive rent, and for debtor's alleged failure to properly maintain apartments and to correct allegedly hazardous conditions.  The tenants moved for mandatory or permissive abstention.  The Bankruptcy Court held that the court would exercise its discretion to permissively abstain from hearing the proceeding, even though debtor asserted that proceeding involved rents that were the life blood of any reorganization effort and was one over which court could exercise "core" jurisdiction.

In this case, mandatory abstention is required by 28 U.S.C. § 1334(c)(2).  Huon filed his 2011 action for defamation and other intentional torts against the Gawker defendants.  Huon's lawsuit is based upon a State law claims or State law causes of action.  The Gawker defendants in Huon's civil lawsuit raised defenses under Section 230 of the  Communications Decency Act (CDA) of 1996, 47 U.S.C. § 230.  Huon's lawsuit against the Gawker defendants was dismissed by the District Court for the Northern District of Illinois and is now on appeal with the Seventh

14

Circuit Court of Appeals.  The Seventh Circuit Court of Appeals heard oral argument on or about May 31, 2016.  Huon's civil lawsuit in case no. 11-cv-3054 is based on diversity jurisdiction, under 28 U.S.C. § 1332(a)(1).  (Case: 15-3049 Document: 38, Pages: 116.) The Gawker Defendants admitted that the "revised jurisdictional statement by plaintiff-appellant Meanith Huon ("Huon") is complete and correct."  (Case: 15-3049 Document: 42, Pages: 63.)

In the alternative, permissive abstention should be granted, pursuant to  28 U.S.C. § 1334(c)(1).  The state law issues in Huon's civil lawsuit in case no. 11-cv-3054 predominate over bankruptcy issues and there are difficult or unsettled nature of applicable state laws of defamation.  Huon's lawsuit in case no. 11-cv-3054 was commenced in the Northern District of Illinois in 2011 and is now pending in the Seventh Circuit of Appeals.  It would be highly inefficient to have piecemeal litigation, after oral argument was presented on May 31, 2016.  The bankruptcy filing is the only basis for federal jurisdiction.  Huon's civil lawsuit in case no. 11-cv-3054 is based on diversity jurisdiction.    It is not feasible to sever Huon's state law claims from the core bankruptcy matters.   Arguably, Plaintiff, Gawker Media, LLC, is engaging in forum shopping by forcing Huon to litigate in a forum that is not convenient to him, when he is a resident of Illinois and filed his 2011 lawsuit in a Federal Court sitting in Illinois.  Huon has demanded jury trial in his civil lawsuit, pursuant to Federal Rule of Civil Procedure 38(b). Huon's civil lawsuit is also against non-debtor parties, Nick Denton, Irin Carmon, Gabby Darbyshire.  The defendants in Huon's 2011 civil lawsuit in the Northern District of Illinois are: Defendants/Appellees are the following parties:

- Gawker Media, LLC. a/k/a Gawker Media, a Delaware limited liability company with its principal place of business in New York;

- Gawker Media Group, Inc. a/k/a Gawker Media, a Cayman Islands corporation with its principal place of business in New York;

- Gawker Entertainment, LLC., a Delaware limited liability company with its principal place of business in New York;

- Gawker Technology, LLC. , a Delaware limited liability company with its principal place of business in New York;

- Gawker Sales, LLC. , a Delaware limited liability company with its principal place of business in New York;

- Blogwire Hungary Szellemi Alkotast Hasznosito KFT, a Hungarian business entity with its principal place of business in Hungary;
-
- Nick Denton, the founder of Gawker Media, and a domiciliary of New York;

- Irin Carmon, the writer of the Jezebel.com Article, and a domiciliary of New York; and

- Gaby Darbyshire, who was the Chief Operating Officer of Gawker Media, and a domiciliary of New York.  (Case: 15-3049 Document: 38, Pages: 116.)


## V. CONCLUSION

WHEREFORE, Defendant,  Meanith Huon requests that this Honorable Court:

1.      Dismiss Plaintiff, Gawker Media, LLC's, Complaint, or in the alternative, abstain from hearing Plaintiff's Adversary Proceedings.

2.      Award Defendant, Meanith Huon, costs and fees, against the Plaintiff.

3.      Sever Plaintiff's action against Huon from the remaining Defendants, on the basis of misjoinder;

16

4.      Enter an order granting any other relief that is just and equitable.

Respectfully submitted,

_____/s/Meanith Huon____
Attorney for Defendant, Meanith Huon


Dated:  July 13, 2016


Meanith Huon
Attorney for the Defendant, Meanith Huon
PO Box 441
Chicago, Illinois 60690
312-405-2789
Fax No.: 312-268-7276
huon.meanith@gmail.com
Illinois ARDC No.: 6230996

Meanith Huon
Attorney for the Defendant, Meanith Huon
PO Box 441
Chicago, Illinois 60690
312-405-2789
Fax No.: 312-268-7276
huon.meanith@gmail.com
Illinois ARDC No.: 6230996

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| **Gawker Media, LLC,** | ) | **Chapter 11** |
| | ) | |
| Debtor, | ) | **Case No.: 16-11700 (SMB)** |
| | ) | |
| _____ | ) | |
| | ) | |
| **Gawker Media, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Meanith Huon, Ashley Terrill, Teresa Thomas,** | ) | **Adversary Proceeding** |
| **Shiva Ayyadurai, Terry Gene Bollea,** | ) | **No.: 16-01085 (SMB)** |
| **Charles C. Johnson, and Got News LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING

TO:     All counsel of record.

Please take notice that on July 13, 2016, I filed Defendant, Meanith Huon's, **MOTION TO DISMISS COMPLAINT, OR ALTERNATIVELY, FOR MANDATORY OR PERMISSIVE ABSTENTION,** in the above-captioned case in the above-captioned case with the Clerk of the United States Bankruptcy Court, Southern District of New York.

Dated:  July 13, 2016

                              ____/s/Meanith Huon_____

18

Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
Fax No.: 312-268-7276
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

## **<u>PROOF OF SERVICE</u>**

I hereby certify that on July 13 2016, I caused to be served a true and correct copy of the foregoing Notice of Filing and attached **<u>MOTION TO DISMISS COMPLAINT, OR ALTERNATIVELY, FOR MANDATORY OR PERMISSIVE ABSTENTION</u>** by causing copies of same to be served on all counsel of record by electronic filing same.

_/s/Meanith Huon_____

Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
Fax No.: 312-268-7276
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996